IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AMY YERTON**, <br><br> Plaintiff, <br><br> v. <br><br> **NANCY A. BERRYHILL,** Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, <br><br> Defendant. | Case No. 18-cv-0219-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

On May 1, 2019, Plaintiff filed an unopposed motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412(d). Judgment in this case was entered on February 12, 2019, pursuant to the stipulation of the parties. The EAJA establishes specific requirements for fee applications, including that they be submitted within 30 days of final judgment, that they include a statement of financial eligibility of the plaintiff, and that they include an "allegation" that the government's position was not substantially justified. 24 U.S.C. § 2412(d); *see also Scarborough v. Principi*, 541 U.S. 401, 408 (2004) ("Section 2412(d)(1)(A) thus entitles a prevailing party to fees absent a showing by the Government that its position in the underlying litigation "was substantially justified," while § 2412(d)(1)(B) sets a deadline of 30

PAGE 1 – ORDER

days after final judgment for the filing of a fee application and directs that the application shall include: (1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award (in Scarborough's case, that the applicant's 'net worth did not exceed $2,000,000 at the time the civil action was filed,' § 2412(d)(2)(B)); and (3) a statement of the amount sought together with an itemized account of time expended and rates charged. The second sentence of § 2412(d)(1)(B) adds a fourth instruction, requiring the applicant simply to 'allege' that the position of the United States was not substantially justified.").

Judgment in this case is considered final for purposes of EAJA on April 15, 2019. *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607, 612 (9th Cir. 2007) (explaining that judgment is considered final for purposes of EAJA applications in social security cases when the 60-day time to file an appeal has expired, and that the "60-day appeal period applies whether or not the government consents to the judgment" for remands under both sentence four and sentence six). Plaintiff's EAJA application is due 30 days after final judgment and, therefore, is timely. Plaintiff's application, however, does not contain a statement of financial eligibility or an allegation that the government's position was not substantially justified. As discussed by the Supreme Court, these are required under EAJA but can be cured with an amended petition. *Scarborough*, 541 U.S. at 418-19. Accordingly, Plaintiff's application (ECF 28) is denied, without prejudice and with leave to file an amended application that cures the identified deficiencies.

**IT IS SO ORDERED.**

DATED this 3rd day of May, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 2 – ORDER